FILED
2021 Oct-18  AM 08:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **EDWARD WILLIAMS,** | § § § | |
| **Plaintiff,** | § § | **CIVIL ACTION NO.:** |
| v. | § § | **JURY DEMAND** |
| **TRANS ASH, INC.** | § § | |
| **Defendant.** | § § | |

**COMPLAINT**

## I.  INTRODUCTION

1. Edward Williams, (hereinafter, "Plaintiff") brings this action for declaratory judgment, injunctive relief, equitable relief and monetary relief instituted to secure the protections of and to redress the deprivation of rights secured under 42 U.S.C. §1981, the Fair Labor Standards Act, and pendent state law claims. Plaintiff alleges in violation of the law, Defendant discriminated against him based on his race. Plaintiff also brings a claim for unpaid wages under the Fair Labor Standards Act. Plaintiff is entitled to equitable relief, compensatory damages, liquidated damages, punitive damages, attorneys fees and costs.

## II.  JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Act of Congress known as 28 U.S.C. §1331, 1343(a)(4), 2201-2202, 42 U.S.C. §1981. This suit is authorized and instituted pursuant to 42 U.S.C. §1981 and the Fair Labor Standards

1

Act. The jurisdiction of this Court is invoked to secure injunctive and other relief against unlawful pay and discrimination in employment. This suit also asserts state law claims of outrage and negligent retention under Alabama law.

3. The Plaintiff files this §1981 race discrimination suit within two (2) years of the discriminatory treatment.

### III. PARTIES

4. Plaintiff, Edward Williams, (hereinafter, "Plaintiff") is an African-American citizen of the United States and a resident of the State of Alabama. The Plaintiff was employed by the Defendant in various locations such as North Carolina, Kentucky, and Indiana.

5. The Defendant Trans Ash, Inc. is an entity subject to suit under 42 U.S.C. §1981 and the Fair Labor Standards Act. The Defendant provides coal ash clean outs, coal combustion residuals (CCR) related services, and performs traditional construction services. The Defendant conducts business in Alabama and operates throughout the United States.

### IV. STATEMENT OF FACTS

6. Plaintiff is an African-American male.

7. Plaintiff worked for Defendant as a Dredge Superintendent.

8. Defendant forced Plaintiff to endure comments based upon his race, including but not limited to "you people."

9. The vast majority of Plaintiff's work was that of a non-exempt as defined by the Fair Labor Standards Act.

10. Defendant paid Plaintiff in a manner consistent with exempt employees, i.e., Defendant did not pay Plaintiff lawfully for straight-time or overtime work.

## V. CAUSES OF ACTION

### A. VIOLATIONS OF 42 U.S.C. §1981 (DISPARATE TREATMENT, AND RETALIATION)

11. Plaintiff re-alleges and incorporates by reference paragraphs 1-5 with the same force and effect as if fully set out in specific detail hereinbelow.

12. Plaintiff brings his race-based discrimination, disparate treatment, and retaliation claims under 42 U.S.C. §1981.

13. Plaintiff worked for Defendant as a Dredge Superintendent.

14. Plaintiff complained to Defendant about unlawful race discrimination.

15. Defendant's decision to terminate Plaintiff and/or replace was based on his complaint of discrimination and hostile work environment.

16. Plaintiff never received a write-up.

17. White managers were given the opportunity to transfer or relocate for other manager jobs, Plaintiff was not given the same option, although there were

3

countless positions available that were ultimately given to less white qualified applicants with no driving experience.

### B. CLAIM-TWO-RACE DISCRIMINATION HOSTILE WORK ENVIRONMENT

18. Plaintiff adopts and re-alleges Paragraphs 2-11 as if fully set forth herein.

19. Plaintiff was discriminated against and harassed because of his race. This harassment created a hostile work environment.

20. The harassment was severe and or pervasive, and it affected the terms and conditions of Plaintiff's employment.

21. Defendant failed to address the many complaints of racial harassment, causing Plaintiff severe distress.

22. Defendant failed to take prompt remedial action to stop or remedy the harassment.

23. Because of Defendant's conduct, Plaintiff suffered severe emotional distress, embarrassment, and humiliation.

24. Defendant acted with malice, and or reckless indifference toward Plaintiff.

### C. CLAIM THREE-NEGLIGENT/ WANTON RETENTION

25. Plaintiff adopts and realleges ¶¶ 6-18 above as if fully set forth herein.

26. Defendant acted with malice and/or reckless indifference toward the

Plaintiff and other African American drivers.

27. By action or inaction, Defendants ratified, and or condoned unlawful race discrimination directed at Plaintiff.

28. The Defendants knew or should have known of its employees' discriminatory conduct taking place both before and during Plaintiff's employment, including but not limited to that of white drivers.

29. The Defendants failed to take adequate steps to remedy the situation.

30. The Defendants' failure to adequately remedy the situation caused the Plaintiff to suffer severe emotional distress, embarrassment, and humiliation.

### D. CLAIM THREE – WILLFUL MISCLASSIFICATION UNDER THE FAIR LABOR STANDARDS ACT

31. Plaintiff incorporates by reference Paragraphs 1-29 above as if fully set forth herein.

32. The Defendant failed to lawfully compensate Plaintiff.

33. The Defendant's failure to lawfully compensate Plaintiff was done so willfully, or with reckless disregard for the law.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

a. Issue a declaratory judgment that the employment policies, practices,

procedures, conditions and customs of the defendant are violative of the rights of the plaintiff as secured by 42 U.S.C. §1981, the Fair Labor Standards Act, and the pendent state law claims asserted in this Complaint.

    b.    Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate 42 U.S.C. §1981, the Fair Labor Standards Act, and the pendent state law claims asserted in this Complaint..

    c.    Enter an order requiring the Defendant to make the plaintiff whole by awarding her punitive damages, compensatory damages, and/or nominal damages, declaratory and injunctive relief, and benefits.

    d.    The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

    Respectfully submitted,

/s/ Eric C. Sheffer
Eric C. Sheffer
**Counsel for Plaintiff**

**OF COUNSEL:**
**WIGGINS, CHILDS, PANTAZIS,**
**FISHER & GOLDFARB, LLC**
The Kress Building

301 19th Street North
Birmingham, AL  35203
E-mail: esheffer@wigginschilds.com
Telephone: (205) 314-0582
Facsimile:  (205) 254-1500

**PLAINTIFF DEMAND A TRIAL BY STRUCK JURY**

*/s/  Eric Sheffer*
**OF COUNSEL**

Plaintiff requests this Honorable Court to serve via certified mail upon the Defendant the following: Summons, Complaint.

**Defendant's Address:**
Trans Ash, Inc.
**CT CORPORATION SYSTEM**
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104